## Tuttle v. National Bank of Republic.

1. *Transfer of Stock in an Insolvent Corporation.*—When there is sufficient in the proof to warrant the conclusion that a transfer of stock is merely colorable and for the distinct and fraudulent purpose of avoiding a liability as a stockholder, a finding to that effect will not be disturbed.

2. *Liability of Stockholders in a Corporation of Another State.*—In questions touching the liability of persons holding stock in a bank of another State, for the debts of the bank in case of its insolvency, the courts of this State will follow the construction placed by the courts of the State where the bank is located, upon the constitution and statute under which the bank is organized.

Memorandum.—Action upon a stockholder's liability. Appeal from a judgment rendered by the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 31, 1892.

### APPELLEE'S STATEMENT OF THE CASE.

This was an action of assumpsit brought by appellee against appellant as a stockholder of the Edwards County Bank, of Kinsely, Kansas, to recover $3,000, on account of his individual liability as a stockholder of the bank, the bank being insolvent and indebted to appellee.

. The material facts in the case, of which there is no dispute, are the following:

The Edwards County Bank was organized September 8, 1882. December 30, 1885, appellant and his brother, W. W.

Tuttle, of Springford, Mo., each purchased thirty shares of the capital stock of the Edwards County Bank, each paying $3,000 therefor; March 26, 1890, appellee loaned the Edwards County Bank $5,000; December 3, 1890, appellee brought suit on that against the Edwards County Bank; January 13, 1891, appellee recovered judgment for $5,111 and costs of suit, against the Edwards County Bank, on which execution issued and was returned *nulla bona*, February 28, 1891. B. F. Tatum brought suit against the Edwards County Bank, on the 14th of November, 1890, and at his suit, a receiver was appointed November 17, 1890, and in the same suit judgment dissolving corporation was rendered January 14, 1891. Appellant and W. W. Tuttle claim to have sold their stock to Marzetta, October 7, 1890.

J. S. EWING, of counsel.

A. E. DeMANGE, for appellant.

## APPELLEE'S BRIEF.

Before there can be a remedy in any case, there must be a right. The real question involved in this case, so far as that point is concerned, is, taking the whole body of the laws of the State of Kansas, *i. e.*, the constitution, statutes, and the decisions of the Supreme Court of Kansas construing the constitution and the statutes, then the question is, was there a right? It must be admitted that the Supreme Court of Kansas is the final and only arbiter as to the true meaning and proper interpretation of the constitution and the statutes of Kansas. All the cases so hold. Elmendorf v. Taylor, 10 Wheat. (U. S.) 152; Shelby v. Guy, 11 Wheat. (U. S.) 367; Christy v. Pridgeon, 4 Wall. (U. S.) 196; Town of South Ottawa v. Perkins, 94 U. S. 267; Chase v. Curtis, 113 U. S. 452; Hoyt v. Thompson, 3 Sandf. (N. Y.) 416; Union National Bank v. Bank of K. C., 136 U. S. 223; Jessup v. Carnegie, 80 N. Y. 441; Savings Association v. O'Brien, 51 Hun (N. Y.), 45; Lane v. Watson, 51 N. J. Law, 186; Fitzgerald v. Mo. P. R. R. Co., 45 Fed. Rep. 812;

Howe v. Mo. P. R. R. Co., 45 Fed. Rep. 812; How v. Walch, 14 Daly (N. Y.) 80; Cook on Stockholders, 243, note 1.

When a person becomes a stockholder in a corporation organized under the laws of a foreign State, he contracts with reference to the laws of that State, and his liability as a stockholder is to be determined with reference to the laws of that State. Flash v. Conn, 109 U. S. 371; Abbey v. Dry Goods Co., 44 Kan. 416; Howell v. Manglesdorf, 33 Kan. 194; Perry v. Turner, 55 Mo. 418; Aultman's Appeal, 98 Pa. St. 505; Shafer v. Moriarty, 46 Ind. 9; Hill v. Beach, 12 N. J. Eq. 31; Crease v. Babcock, 10 Met. (Mass.) 525; Seymour v. Sturgess, 26 N. Y. 134; Ohio Life Ins. Co. v. Merchants, 11 Humph. (Tenn.) 1; Payson v. Withers, 5 Biss. (U. S.) 269; Pettibone v. McGraw, 6 Mich. 441; Lawrie v. Inmann, 46 N. H. 119; First Natl. Bank v. Gustin, 42 Minn. 327; 2 Morawetz on Private Corporations, Sec. 874–902; Patterson v. Lynde, 106 U. S. 519; Patterson v. Lynde, 112 U. S. 196; Cook on Liability of Stockholders, Sec. 243.

And, in the absence of legislation to the contrary, the proper way of enforcing such liability, is by an action at law. Corwith v. Culver, 69 Ill. 502; Fuller v. Ledden, 87 Ill. 310; McCarthy v. Lavasche, 89 Ill. 270; Hull v. Burtis, 90 Ill. 213; Eames v. Doris, 102 Ill. 350; Buchanan v. Meisser, 105 Ill. 638; Thompson v. Meisser, 108 Ill. 359; Thebus v. Smiley, 110 Ill. 316; Root v. Sinnock, 120 Ill. 350; Schalucky v. Field, 124 Ill. 620; Morawetz on Corporations, Sec. 910; Cook on Liability of Stockholders, Sec. 243.

No doubt but when a suit is brought against a director or trustee for the benefit of the creditors, it must be in equity. Homer v. Henning, 93 U. S. 228; Morawetz on Corporations, Sec. 910; Richardson v. Akin, 87 Ill. 138; Harper v. Union Mfg. Co., 100 Ill. 225.

The relation between a bank and depositor is always that of a debtor and creditor. Morse on Banking, Sec. 289 (3d Ed.). And that was the relation between the appellee and

the Edwards County Bank, and the statute expressly author-
ized the payment of interest by the Edwards County Bank.
Again, that is one of the incidental powers of the bank,
except where it is expressly denied. Morse, Sec. 209.
And again the question is adjudicated by the judgment of
appellee against the Edwards County Bank. In any event
the Edwards County Bank having received the money
would be estopped from pleading *ultra vires*. Bradley v.
Ballard, 55 Ill. 415; Darst v. Gale, 83 Ill. 136; Benefit Asso-
ciation v. Blue, 120 Ill. 128; 2 Morawetz on Corporations,
689.

"A transfer of shares in a failing concern, made by the
transferrer with the intention and for the purpose of escap-
ing liability as a shareholder to a person who, for any
cause, is incapable of responding in respect to such lia-
bility, *is void, both as to the creditors of the company and as
to other shareholders*, and that, too, although as between the
transferrer and transferee, the transaction may have been
absolute and no secret trust involved." Cook on Stockhold-
ers, Secs. 263 and 395; Morawetz on Private Corporations,
Secs. 166, 858–891; Richmond v. Irons, 121 U. S. 27; Mc-
Laren v. Franciscus, 43 Mo. 452; Central Agricultural, etc.,
v. Alabama, 75 Ala. 121; Marcy v. Clark, 17 Mass. 330;
Angell & Ames on Corporations, Sec. 623; Gaff v. Flesher,
33 Ohio St. 107; Aultman's Appeal, 98 Pa. St. 505; Rider v.
Morrison, 52 Md. 429; Paine v. Stewart, 33 Conn. 516; Bil-
lings v. Robinson, 94 N. Y. 415; Slee v. Bloom, 19 Johns.
(N. Y.) 477.

KERRICK, LUCAS & SPENCER, attorneys for appellee.

OPINION BY THE COURT.

The appellee recovered a judgment against appellant on
the ground that he was a stockholder in the Edwards County
Bank, of Kansas, which bank became insolvent and failed to
pay a sum of money owing by it to the appellee.

The sole question of fact over which there can be any
controversy, seems to be whether the appellant at the time

of the dissolution of the Edwards County Bank was a stockholder in that corporation, and this of course depends on whether he had sold and transferred the stock (which he held for a number of years) to Marzetta prior to such dissolution of the banking corporation. We are entirely satisfied with the conclusion reached by the jury upon this point.

Aside from non-compliance with the requirement of the by-laws that the transfer must be made upon the books of the corporation, as to which appellant offers the excuse that the failure to enter such transfer was not his fault, he having done all he could, though ineffectually, to that end, we think there is sufficient in the proof to warrant the conclusion that the sale of this stock here attempted was merely colorable, and for the distinct and fraudulent purpose of avoiding liability as a stockholder. Cook on Stockholders, Sec. 265 and note 1.

The important legal question is, whether by the law of Kansas, organic and statutory, a stockholder in such a corporation is liable for the debts thereof under the circumstances here disclosed, and if so, whether such liability is several and may be enforced without joining other stockholders.

We think this has been settled by the Supreme Court of that State adversely to appellant.

While we have seen no adjudication especially upon the point whether the constitutional provision is self-executing in so far as it declares liability, and whether the rule or principle there announced can have vitality and vigor only when repeated in a statute, yet the court in Abbey v. Dry Goods Co., 44 Kan. 415, seem to assume, as though not a matter in doubt, that such liability exists, and while the question directly for decision was as to the mode of enforcing it, the fundamental promise was clearly taken for granted. We see no great difficulty in that view of the matter, but in any event the construction placed by that court upon the meaning of its constitution or statute, should prevail here unless very powerful considerations are opposed, and we perceive none such in this instance.

The construction placed by our courts upon statutes of this State as to the mode of enforcing liability of directors and stockholders, does not, in our opinion, require us to reject the construction placed by that court upon the ordinances of that State. If by these latter there is imposed a liability several and individual, and is enforceable against each stockholder, no reason has been suggested or occurs to us that would warrant our courts in refusing to apply the rule here.

It has been suggested that the debt was incurred without lawful power on the part of the Edwards County Bank, in whose charter there is no specific authority to borrow money; but we understand that is an incidental or implied power possessed by banking corporations generally, unless especially denied or restricted.

Of course it is not a part of the continuous practice of any bank to borrow, but it is often necessary in the reasonable exercise of express power, and hence it is usually regarded as a necessary incident. Aloise on Banks and Banking, Sec. 63. Certainly the borrowing must be incidental to the usual and legitimate business of a bank, otherwise the act is *ultra vires;* but it is not apparent that there was anything extraordinary or illegitimate in this loan.

Other questions suggested in the briefs need not be discussed, as in the view we are inclined to take of the case, the foregoing considerations require us to affirm the judgment.