W. W. KITCHIN, GOVERNOR, v. W. P. WOOD, STATE AUDITOR.

(Filed 12 April, 1911.)

1. **Mandamus—Auditor—Ministerial Duty.**
   At the suit of the Governor, a mandamus will lie to compel the Auditor to perform the purely ministerial duty of preparing the forms for assessing and taxing property by the assessors and list takers required by our Constitution and revenue acts.

2. **Constitutional Law—Provisions Self-executing—Power of Courts.**
   A constitutional provision may be self-executing, and when such is the case, and it is called in question, the courts will so declare it.

3. **Constitutional Law—Provisions Self-executing.**
   It is within the power of those who adopt a constitution to make some of its provisions self-executing.

**4. Same—Property and Poll Tax—Equation—Legislative Discretion.**

Section 1, Article V of the Constitution of this State, requiring that the General Assembly "shall levy a capitation tax on every male inhabitant of the State, which shall be equal to the tax on property valued at $300 in cash," is mandatory and self-executing, and leaves nothing to the discretion of the lawmaking powers.

**5. Same—Auditor—Forms—Mandamus—Procedure.**

In our Constitution the property tax is the standard of equation, and by it the poll tax must be measured, and when the Legislature has not observed this equation in levying the poll tax and providing machinery for its collection, the error can be corrected by a mathematical calculation; and at the suit of the Governor a mandamus will lie against the Auditor to compel him to prepare the forms for assessing and taxing the polls in accordance with section 1, Article V of the Constitution. *Russell v. Ayer*, 120 N. C., 180, overruled.

HOKE, J., concurs in result.

From WAKE. Heard by *Daniels, J.,* at chambers, 5 April, 1911.

Proceedings in *mandamus.* The respondent demurred to the petition. Upon the hearing the demurrer was sustained. Plaintiff appealed.

The facts are stated in the opinion of the Court by *Mr. Justice Brown.*

*Attorney-General T. W. Bickett and Assistant Attorney-General G. L. Jones for petitioner.*

*B. F. Dixon for respondent.*

BROWN, J. This proceeding is instituted by the Governor against the Auditor of this State to obtain a peremptory mandamus commanding the Auditor to prepare forms for assessing and taxing property for taxation by the assessors and list takers under the Constitution and the Revenue Act of 1911, chapter 46, Public Laws of 1911, fixing the capitation tax at $1.35 and commanding the Auditor to transmit said forms to the clerk of the board of commissioners of each county, as required by law. The Revenue Act of 1911, chap-

ter 46 of the Public Laws of 1911, fixed the capitation tax at $1.29, and the total property tax at 45 cents *ad valorem* on every $100 value of real and personal property.

In sustaining the demurrer, his Honor very properly followed the decision of this Court in exactly a similar case. *Russell, Governor, v. Ayer, Auditor,* 120 N. C., 180.

That the Governor may prosecute a proceeding of this character against the Auditor to compel the performance of a mere ministerial duty is held by all the justices in that case, but the Court was divided upon the question of the propriety of granting the relief prayed.

The majority of the Court were of opinion that in failing to observe the mandate of the Constitution in fixing the poll tax, the constitutional equation was violated and the revenue act for that year was rendered in all its parts null and void.

The matter is very fully discussed in the opinion of the Court by *Justice Montgomery* and the concurring opinion of *Justice Furches,* and in the two dissenting opinions of *Justices Clark* and *Douglas.*

With entire deference for the views of the majority, we have reached the conclusion that section 1, Article V of the Constitution of this State is mandatory, self-executing, and leaves nothing to the discretion of the lawmaking power.

Its plain mandate is that the General Assembly "shall levy a capitation tax on every male inhabitant of the State, which shall be equal to the tax on property valued at $300 in cash."

As said by the Attorney-General, "In the execution of this command the General Assembly acts in a purely ministerial capacity. Its function is executive and not legislative. It is made the agent, the accountant, of the Constitution, with directions to make a calculation and record it."

Although a Constitution is usually a declaration of the fundamental law, serving either to command or restrict its creatures, it is entirely within the power of those who adopt a Constitution to make some of its provisions self-executing. *Ill. Cent. R. R. v. Ihlenberg,* 75 Fed., 875.

It is well said that, "A constitution is but a higher form of

statutory law, and it is entirely competent for the people, if they so desire, to incorporate into it self-executing enactments. These are much more common than formerly, the object being to put it beyond the power of the Legislature to render them nugatory by refusing to enact legislation to carry them into effect. Prohibitory provisions in a Constitution are usually self-executing to the extent that anything done in violation of them is void. But instances of affirmative self-executing provisions are numerous in almost every modern Constitution." *Lamborn v. Bell,* 18 Col., 349; *Willis v. Mabon,* 48 Minn., 140.

In the learned dissenting opinion of the present *Chief Justice* in *Russell v. Ayer,* many cases are collected giving instances of self-executing provisions in State constitutions.

As to whether a particular constitutional provision is self-executing seems to be one of intention to be gathered from the instrument itself and determined by the language used and the purpose intended to be carried out.

The provision in our organic law is complete in itself, needs no legislation to give it effect and no special means for its 'enforcement. Provisions of that character are regarded as self-executing. *Groves v. Slaughter,* 15 Peters, U. S., 449; *Davis v. Burke,* 179 U. S., 399; *Newport News v. Woodard,* 7 Am. and Eng. Anno. Cases, 627, and cases cited in notes.

Touching this subject, the Illinois Court says: "Where it is apparent that a particular provision of the organic law shall go into immediate effect, without ancillary legislation, and this can be determined by giving full force and effect to all its clauses relating to the same subject, and the language is free from ambiguity, then it becomes the imperative duty of judicial tribunals to declare it self-executing; and where the provision is unambiguous, and the purpose of the provision would be frustrated unless it is given immediate effect, it will be held self-executing." *Tuttle v. National Bank of Republic,* 161 Ill., 497, reversing 48 Ill. App., 481.

It is too plain for argument that in our Constitution the property tax is the standard of equation, and by it the poll tax must be measured. When the former is fixed by the Gen-

eral Assembly the latter becomes automatic, so to speak. It adjusts itself, and is arrived at by multiplying the tax on $100 of property by three. The Legislature can neither add to it nor subtract from it.

We must credit the General Assembly with the purpose to conform its legislation to the plain mandate of the Constitution. Doubtless, it intends to do; but by some oversight, when it added 2· cents more on property for school purposes, as the legislative history of the act shows, it omitted to add 6 cents to the poll. But, fortunately, no legislation is needed to correct the error. It will correct itself. The Legislature has levied a poll tax and provided machinery for its collection, but that tax lacks 6 cents of meeting the unbending requirement of the Constitution.

A capitation tax having been levied and machinery for its collection provided, we see no good reason why, as to the amount of such tax, the courts shall not compel the taxing officers to observe the plain letter of the organic law.

In the recent case of *R. R. Co. v. Comrs.,* 148 N. C., 225, some doubt is cast upon the position taken by the majority of the Court in *Russell v. Ayer,* and now, after further and careful consideration, we are of opinion it was not well decided.

The demurrer is overruled and the cause is remanded, to the end that a *mandamus* issue as prayed.

Reversed.