STATE v. NATHAN TAYLOR.

(Filed 3 November, 1915.)

1. **Roads and Highways—Working Roads—Payment of Money—Statutes—Constitutional Law.**

　　A statute imposing a duty upon citizens of a township or road district between the ages of 21 and 45 years to work the public roads therein is constitutional and valid, and the act may make it optional that the citizens either work the roads when notified under the terms of the statute or pay a sum certain in lieu thereof to be applied to the working of the roads.

2. **Same—Taxation—Constitutional Equation.**

　　A statutory requirement that citizens of a township or road district shall work the roads therein for four days or pay a sum of $4, to be used for that purpose, is not a capitation tax or subject to the constitutional equation.

**3. Roads and Highways—Working Roads—Public Policy—Statutes.**
 The working of public roads in the State or requiring payment of money in lieu thereof is a part of the public policy of the State within legislative control.

APPEAL by defendant from *Cline, J.,* at August Term, 1915, of CAS-WELL.

*Attorney-General Bickett, Assistant Attorney-General Calvert, and Carlton & Upchurch for the State.*
 *P. W. Glidewell for defendant.*

CLARK, C. J. This proceeding began by warrant before a justice of the peace, and on appeal to the Superior Court by the defendant it was found, on a special verdict, that the defendant, after having been warned by the road supervisor to work the public roads of his township, failed to do so, and also failed to pay the sum of $4 in lieu of such work, as required by section 4, chapter 16, Public-Local Laws 1915. This provision is as follows: "Any person liable to such duty may pay to the supervisor of his township or road district the sum of $4 in lieu of such labor, to be applied by such supervisor to the improvement of the roads in that district."

The defendant was 35 years of age and subject to road duty. Upon the special verdict the court was of opinion that the defendant was guilty, and the jury so found.

The contention of the defendant is that the requirement that any person liable to road duty in Caswell County who shall fail to work the roads shall pay $4, to be applied to the roads, in lieu of his labor for four days, is a capitation tax, and unconstitutional.

In *S. v. Wheeler,* 141 N. C., 773, it was held: "The requirement to work the public roads is not a poll or capitation tax; so that an act that requires such work only from those between the ages of 21 and 45 is not unconstitutional." This provision for the payment of $4 in lieu of the required four days labor is merely a method of commuting this duty by the payment of $4, evidently upon the presumption that with the $4 the road supervisor can hire an equal amount of labor to be done on the roads. The defendant had the option to do the work himself. The same proposition has been considered and held in a line of decisions, *S. v. Sharp,* 125 N. C., 628; *S. v. Covington, ib.,* 641; *S. v. Holleman,* 139 N. C., 648, which after full consideration of the subject held that the conscription of labor is not a tax at all, but the exaction of a public duty like "military service, service upon a jury, a grand jury or special venire, as a witness, which duties formerly were, and to some extent are still, required to be rendered to this State without compensation." We were asked to reconsider those decisions in *S. v. Wheeler,* 141 N. C., 773, and after giving the matter full deliberation we reaffirmed them.

In *S. v. Wheeler, supra,* we said, after full deliberation and reconsideration of the above cases: "For near 250 years the roads of this State were worked solely by the conscription of labor. It may have been inequitable, but it was never thought by any one to be unconstitutional, nor has the idea been advanced heretofore that to work the roads by labor was to work them by taxation. The validity of working the roads by labor was sustained in *S. v. Halifax,* 15 N. C., 345, and has been recognized in countless trials for failure to work the roads." In *S. v. Wheeler* the statute under construction applied to Wake County, and was almost identical with this.

The subject has been so fully discussed in the cases above cited that we can add nothing. The system of working roads by conscription of labor was handed down to us from the English law, *S. v. Covington,* 125 N. C., at p. 641, and was the system among the Romans till in their later days when by large appropriations they built the magnificent highways whose remains still abide. Working roads by conscription of labor was the system in France, where it was known as *Corvées,* and was one of the great grievances which were swept away by their Revolution.

The objection that working roads by conscription of labor is essentially unjust, because it places an undue burden upon those who use the roads least, has been often presented to us, and we can only repeat what was said in *S. v. Holleman,* 139 N. C., 648, which was quoted with approval in *S. v. Wheeler,* 141 N. C., 779: "It is for the legislative department to prescribe by what methods the roads shall be worked and kept in repair—whether by labor, by taxation on property, or by funds raised from license taxes, or by a mixture of two or more of those methods; and this may vary in different counties and localities to meet the wishes of the people of each, and can be changed by subsequent legislatures."

Originally, in all countries, doubtless, roads were worked by conscription of labor. The tendency has been, with advancing civilization, to change to a system of working the roads by taxation of property. This has become the rule in some countries and in some States of this Union, and is being gradually adopted in this State, as much by reason of the fact that working the roads by conscripted labor has proven inefficient as by consideration of the injustice of the discrimination involved in that system. But how far and when the change shall be made, and to what localities it shall apply, is for the lawmaking body, which prescribes the public policy for the State, and not for the courts.

Whenever the policy of working the roads by taxation is adopted, of course the constitutional equation applies, as was held in *S. v. Godwin,* 123 N. C., 697, quoted by the defendant. But that case has no application to this.

Affirmed.