G. G. DIXON IN BEHALF OF HIMSELF AND OTHER TAXPAYERS OF AYDEN TOWN-SHIP, PITT COUNTY, v. THE BOARD OF COUNTY COMMISSIONERS OF PITT COUNTY.

(Filed 27 January, 1931.)

1. **Taxation A b—Levy of poll tax in excess of constitutional limitation is void.**

     The provisions of our State Constitution limiting the right of a county to levy a poll tax in excess of two dollars on each person between specified ages is an inhibition of any excess and is mandatory and self-executing, and the levy of an excess thereof by a county in certain of its townships with the approval of the township voters under statutory authority declaring it to be levied in lieu of personal labor on the roads, but specifically denominating it a poll tax, is unconstitutional and void, and will be restrained by the courts. Constitution, Art. V, sec. 1.

2. **Same—County may not levy a poll tax in excess of two dollars.**

     The proportion between the property and the poll tax required to be observed by Constitution, Art. V, sec. 1, is entirely eliminated by the amendment of 1921, the amendment providing that such tax shall not be levied by a county in excess of two dollars, or by a city or town in excess of one dollar.

3. **Constitutional Law E a—Federal provision does not apply to vested rights other than those under obligations under contract.**

     The provisions of Article I, section 10, of the Federal Constitution apply to obligations of a contract and not to other vested rights, and in this case *held*: the Federal provision has no application to the amendment of 1921 to Art. V, sec. 1, of the State Constitution relating to the limitation upon poll taxes, the amendment not affecting obligations of a contract prohibited by the Federal Constitution.

4. **Taxation B g—Tax in this case held to be poll tax.**

     The requirement of citizens to work upon the roads is not a capitation or poll tax, or a tax at all, but a duty imposed upon certain citizens

within certain limits of age, but where an act levies a tax in certain townships upon a vote of its citizens, upon the males compellable to perform road work, and no choice is given between the personal work and the payment of the tax, the act levies a poll tax, and if the amount thereof is in excess of the constitutional limitation, it is void.

APPEAL by defendant from *Barnhill, J.,* at Chambers in PITT County on 30 May, 1930.

This is a suit to restrain the defendant from levying and collecting a special capitation tax in excess of $2.00 and from applying the proceeds of the special poll tax outside the township in which it purports to be levied.

The complaint contains the following allegations:

2. That pursuant to a special act of the Legislature, session 1917, the defendant board of county commissioners of Pitt County have for the past several years, and in 1929 in particular, assessed a capitation tax of $6.00, in excess of the amount allowed by the Constitution, and are now about to assess for the year of 1930 a capitation tax of $6.00, in excess of that allowed by the Constitution, against the plaintiff and other citizens of Ayden Township, Pitt County, said capitation tax being levied in the specific sum of $6.00 upon the plaintiff and each person in Ayden Township within the class of persons between the age of 21 and 50 years, without reference to his or their property or lack of it, by the said board of county commissioners, in lieu of personal service on the roads.

3. That said capitation tax is illegal and a violation of section 1, Article V of the Constitution of North Carolina, which provides that, "The General Assembly may levy a capitation tax on every male inhabitant of the State over 21 and under 50 years of age, which said tax shall not exceed $2.00. No other capitation tax shall be levied": and said section 1, Article V of the Constitution of North Carolina is made a part of this allegation.

4. That in addition to the capitation tax assessed against the plaintiff and other citizens of Ayden Township in the sum of $6.00, the board of county commissioners of Pitt County assessed a capitation tax in excess of that allowed by the Constitution in Beaver Dam Township in the sum of $6.00, in Belvoir Township in the sum of $5.00, in Carolina Township in the sum of $5.00, in Chicod Township in the sum of $4.00, in Falkland Township in the sum of $6.00, in Pactolus Township in the sum of $4.00, in Swift Creek Township in the sum of $5.00; in Winterville Township in the sum of $6.00; in Farmville Township, nothing; and in Greenville Township, nothing.

5. That the lack of uniformity in the assessment of said capitation tax, ranging in the various townships of Pitt County from $6.00 to

nothing, is unequal, unjust, a discrimination, and illegal, in violation of section 3, Article V of the Constitution of North Carolina, which requires a uniform rule for taxes, and section 3, Article V of the Constitution of North Carolina is hereby made a part of this allegation.

6. That the money collected from said capitation tax as alleged above is disbursed by the board of county commissioners from the general funds for roads through the Pitt County Highway Commission on the roads of Pitt County in general, and entirely outside Ayden Township.

7. That the application of said capitation tax is illegal and in violation of section 2, Article V of the Constitution of North Carolina, which provides that "the proceeds of the State and county capitation tax shall be applied to the purpose of education and the support of the poor. . . ." and section 2, Article V of the Constitution of North Carolina is hereby made a part of this allegation.

The defendant answered and at the hearing Judge Barnhill found the following facts:

"First. Under and pursuant to chapter 110, Public-Local Laws, session 1917, Ayden Township and certain other townships in Pitt County, each held an election and voted a special tax, as provided by said act, the capitation tax in Ayden Township being fixed at $6.00 in addition to the regular poll tax of $2.00 levied in said county; certain other townships voted a capitation tax in addition to said tax in various sums ranging from four to six dollars; and certain townships had no such elections and levied no such taxes.

Second. The roads of Pitt County are worked upon a unit basis, the county maintaining one central convict camp and nine maintenance camps throughout the county. There is allotted to each maintenance camp a certain division of the county embracing certain townships or portions thereof for the purpose of maintenance.

Third. The taxes collected in those townships holding such elections are collected by and paid to the sheriff and by him paid to the treasurer of the county, who keeps those funds, together with the property tax levied for road purposes, in one fund, the books of the treasurer and the auditor, however, disclosing the amount collected from several townships from polls and from property tax for roads. The funds so collected are expended in the construction and maintenance of the roads of Pitt County under a unit system. The highway commission, however, undertakes to apportion to each township and to expend therein a fund equal to the amount collected for such township.

Fourth. The capitation tax voted in Ayden Township under said act was first levied, assessed and collected in the year 1920.

Fifth. The citizens of Farmville Township were relieved from the duty of the work on the roads by an act of the Legislature of the

session of 1917; and the citizens of Greenville Township were relieved from such duty by an act of the Legislature of the session of 1915.

Sixth. The Highway Commission of Pitt County constructs and maintains the roads of said county as a unit under chapter 453 of the Public-Local Laws of 1919 and the amendments thereto.

Seventh. The county commissioners annually levy for the construction and maintenance of roads a county-wide tax, the rate for 1929 being 26 cents."

Upon the facts judgment was given for the plaintiffs and the defendant excepted and appealed.

*M. B. Prescott and Pittman & Eure for plaintiffs.*
*F. G. James & Son for defendant.*

ADAMS, J. At the session of 1917 the General Assembly passed a public-local act to provide a poll tax for the maintenance of the public roads of Pitt County in lieu of the personal work required by section 3806 of the Consolidated Statutes. The act provides that upon presentation of a petition in writing, signed by not less than one-fourth of the qualified voters of any township in the county, requesting the board of county commissioners to submit to the qualified voters of the township in which the petitioners reside the question of levying a poll tax, the board shall within thirty days order an election to be held in the township giving the qualified electors therein the right to determine by ballot whether the poll tax shall be levied as a substitute for personal service. There is a proviso that the tax so voted shall not be less than three nor more than six dollars on the poll. Pursuant to the act the board of commissioners, upon petition, ordered an election on the proposition in Ayden Township and the qualified electors therein voted for the levy of a poll tax of six dollars in addition to the regular poll tax of two dollars. This tax has been levied annually since 1920, the year in which the election was held. The object of this proceeding is to enjoin the further collection of the additional poll tax of six dollars.

When the election was held Article V, section 1, of the Constitution was as follows: "The General Assembly shall levy a capitation tax on every male inhabitant in the State over twenty-one and under fifty years of age, which shall be equal on each to the tax on property valued at three hundred dollars in cash. The commissioners of the several counties may exempt from capitation tax in special cases, on account of poverty and infirmity, and the State and county capitation tax combined shall never exceed two dollars on the head."

Amendment of this section was submitted to and approved by the people in the fall of 1920 and became effective on the certificate of

the Governor on 1 January, 1921. The amended section is in these words: "The General Assembly may levy a capitation tax on every male inhabitant of the State over twenty-one and under fifty years of age, which said tax shall not exceed two dollars, and cities and towns may levy a capitation tax which shall not exceed one dollar. No other capitation tax shall be levied. The commissioners of the several counties and of the cities and towns may exempt from the capitation tax any special cases on account of poverty or infirmity."

In reference to the amendment this Court said in *Hammond v. Mc-Rae,* 182 N. C., 747, 754: "It will thus be noted that the requirement as to the proportion between the poll and property tax is entirely eliminated, and that the only poll tax permitted is one by the State, which may not exceed $2, and by the cities and towns, which may not exceed $1, and that no other poll tax may be imposed. In so far as a poll tax is concerned, this substituted section of the Constitution being, as it is, inhibitive in terms and plain of meaning, is to be considered as self-executing and as to all elections held and liabilities incurred after it became a part of our organic law, has the effect of repealing all laws and clauses of laws which impose a poll tax in contravention of its provisions. *Kitchin v. Wood,* 154 N. C., 565, and authorities cited. . . . It may be well to note that as to all liabilities theretofore incurred and all bonds theretofore issued under statutes or elections requiring the levy of a tax on both property and poll, the power and obligation to levy the tax on both will continue, for a State, no more by constitutional amendment than by statute, can impair the vested rights held by the creditor in assurance of his debt. *Smith v. Commissioners, ante,* 149, citing, among others, *Port of Mobile v. Watson,* 116 U. S., 289."

The appellant suggests that the election was held and the tax in question was voted before the amendment of the first section of Article V of the Constitution was adopted. The intimation is that to say that the constitutional amendment of 1921 supersedes the law under which the tax was voted in 1920, would be an interference with vested rights. The Federal Constitution provides that no State shall pass a law impairing the obligation of contracts. Art. I, sec. 10. But a State law which divests vested rights violates no constitutional provision where it does not impair the obligation of a contract. "It is only when legislation acts upon contracts as distinct from vested rights that the prohibition against impairing the obligation of contracts is infringed. . . . A State may pass laws which will operate to divest antecedent rights if they do not technically impair the obligation of contracts." Annotated Constitution of United States, 291; *Satterlee v. Matthewson,* 2 Peters 413, 7 L. Ed., 458; *Charles River Bridge v. Warren Bridge,* 11 Peters, 582, 9 L. Ed., 773; *Long Island Water Supply Co. v. Brooklyn,* 166

U. S., 691, 41 L. Ed., 1165. The record in the case before us discloses no vested rights which the amendment impairs—no "rights held by a creditor in assurance of his debt." So, the question to be considered is whether the tax levied under the act of 1917 is a poll or a commutation tax. If it is a poll tax the amended section, being self-executing as stated in *Hammond's case,* prohibits a levy above the limitation therein prescribed.

This Court has held in a number of cases that the requirement to work on the public roads (C. S., 3806) is not a poll or capitation tax. Indeed, it is not a tax of any kind; it is a duty imposed by law upon "all able-bodied male persons between the ages of eighteen years and forty-five years." *S. v. Sharp,* 125 N. C., 628; *S. v. Covington, ibid.,* 641; *S. v. Wheeler,* 141 N. C., 773; *S. v. Taylor,* 170 N. C., 693. It is said in the case last cited that legislative provision for the payment of a fixed sum in lieu of personal service is merely a method of commuting liability to work on the public roads. The substance of the statute there considered was this: that any person liable to personal service on the roads might pay the sum of four dollars in lieu of such labor. The defendant had the right to elect between paying the money and doing the work. To this extent the tax was commutative.

But under the public-local act of 1917, *supra,* the tax is not a commutation. The taxpayer is not given the right to pay a sum of money for the privilege of exemption; he has no personal choice; in the election he may have opposed the approval of the tax; but according to the appellant's contention he is bound by it. Does not the act in its practical effect impose the tax upon many who are least able to bear the burden?

Moreover, the statute in express terms designates the tax a "poll tax." The board of commissioners, upon petition filed, is required to order an election on the question of increasing the "poll tax" to the amount specified. A poll tax is defined as a capitation tax; a tax of a specific sum levied upon each person within the jurisdiction of the taxing power and within a certain class without reference to his property or lack of it. Black's Law Dictionary, 911. The inhibition in Article V, section 1, of the Constitution is the levy of a capitation tax in excess of two dollars. The capitation or poll tax levied under the act of 1917 is six dollars; the regular capitation tax is two dollars; the total capitation tax in Ayden Township is eight dollars. However much the maintenance of the tax may be desired or whatever its effect in reducing the tax on land and transferring it to the landless, the Constitution as amended is a barrier to the further levy of the poll tax of six dollars in Ayden Township.

Judgment affirmed.